IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. CR 04-0516 JB

PEDRO QUIJADA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Correct Sentence, filed July 26, 2004 (Doc. 34). The primary issue is whether the Court should correct the sentence it imposed on July 19, 2004 under the Supreme Court's decision in Blakely v. Washington, 2004 WL 1402697 (June 24, 2004). Because the United States Court of Appeals for the Tenth Circuit has indicated, after Blakely, that Blakely does not apply to findings related to prior convictions, the Court will grant the motion and correct the sentence.

## FACTUAL BACKGROUND

On July 1, 1998, the Malden District Court in Malden, Massachusetts convicted Defendant Pedro Quijada of the felony offense of Assault and Battery. See Quijada's 1998 Conviction for Assault and Battery; Pre-Sentence Report ("PSR") ¶ 23, at 7-8. For this crime, the state court sentenced Quijada to nine months imprisonment. See Quijada's 1998 Conviction for Assault and Battery; PSR ¶ 23, at 7. On March 3, 1999, the United States removed Quijada to El Salvador. See PSR ¶ 4, at 3.

On June 5, 2003, Quijada was arrested and charged by a criminal complaint in Bernalillo

County, New Mexico for Re-entry of Deported Alien Previously Convicted of an Aggravated Felony contrary to 8 U.S.C. §§ 1326(a)(1) and (2); and 8 U.S.C. § 1326(b)(2). See Criminal Complaint, filed June 5, 2003 (Doc. 1). On October 31, 2003, the United States Probation Office ("USPO") disclosed a Form-13 PSR in this case. It stated that Quijada's total offense level was "21" and his Criminal History Category was "III." PSR ¶¶ 9-24, at 4-8.

## PROCEDURAL BACKGROUND

On March 19, 2004, the United States and Quijada entered into a plea agreement wherein Quijada agreed to plead guilty to an Information which alleged that Quijada was an alien who was found in Bernalillo County on or about June 5, 2003 contrary to law in that he had been deported, excluded, and removed and departed the United States on or about March 3, 1999, while an order of exclusion, deportation, and removal was outstanding and that he had not obtained the consent of the Attorney General nor his successor, the Secretary for Homeland Security, for re-application for admission into the United States. See Information, filed March 19, 2004 (Doc. 14); Plea Agreement, filed March 19, 2004 (Doc. 18). The Information further alleged that Quijada's actions were contrary to 8 U.S.C. §§ 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). The plea included Quijada's agreement to have his sentence determined pursuant to the Sentencing Guidelines. See Plea Agreement ¶ 5, at 2-3.

On or about May 3, 2004, the USPO filed its PSR in this case. It stated that Quijada's total offense level was "21" and his Criminal History Category was "III." PSR ¶¶ 9-24, at 4-8. On or about June 1, 2004, Quijada filed a motion for a downward departure and a memorandum in support of the motion for downward departure. See Doc. 25 and Doc. 26. Within the motion and memorandum, Quijada did not contest any of the factual findings in the PSR. See id. At the

Sentencing Hearing on July 19, 2004, Quijada did not contest any of the factual findings in the PSR.

At the Sentencing Hearing, the Court issued two rulings. First, over the United States' objection, the Court ruled that it would adopt the PSR's findings with the exception of paragraph 11, which enhanced Quijada's offense level by 16 levels for the conviction of a crime of violence. The Court held that Blakely v. Washington, applies to the United States Sentencing Guidelines. Further, the Court stated that it had considered Quijada's waiver in paragraph five of the Plea Agreement (Doc. 18); however, because Quijada signed the Plea Agreement before the Supreme Court decided Blakely v. Washington, the waiver would not be adequate.

The Court concluded that, in this case, Blakely requires that any sentence enhancement above the 8 level minimum enhancement given to all aggravated felons under U.S.S.G. § 2L1.2 requires either a jury determination or an admission by the defendant to the level of increase sought by the United States. In Quijada's case, the Court ruled that a jury had not determined that a 16 level enhancement was warranted, nor had Quijada admitted that he was subject to the 16 level increase. On these facts, the Court enhanced Quidaja's base offense level by 8 levels for a resulting offense level of 16 because Quijada admitted that he had been convicted of an aggravated felony.

The United States, pursuant to paragraph 7a of the Plea Agreement, filed a motion in open Court which requested that the Court grant Quijada the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Thus, Quijada's offense level of 13 with a Criminal History Category of III would result in a Guidelines sentence of 18-24 months. Thereafter, the Court announced that it intended to sentence Quijada to a term of 24 months imprisonment, three years of supervised release (which would be unsupervised), and a $100 special penalty assessment.

Before the Court's pronouncement of the sentence, the United States requested the Court to

issue alternative sentences in the event that an appellate court issued a ruling on the application of Blakely to the Guidelines. The Court ruled, in the alternative, if it is later determined that Blakely v. Washington invalidates the Guidelines, then the sentence would be 46 months, three years of supervised release (which would be unsupervised), and a $100 special penalty assessment. The Court calculated this alternative sentence under Williams v. New York, 337 U.S. 241 (1949). The Court then ruled that, if it is determined that Blakely v. Washington does not apply to the Guidelines in this case, then it would adopt all of the PSR's findings for a total offense level of "21" and a Criminal History Category of III, which would result in a sentencing range of 46-57 months. Based upon the adoption of all of the PSR's findings, the Court would impose a sentence of 46 months imprisonment, three years of supervised release (which would be unsupervised), and a $100 special penalty assessment.

Second, the Court ruled that Quijada's motion for downward departure was not warranted on the facts of the case. The Court further ruled that, even if the case's facts did warrant a downward departure, the Court would exercise its discretion not to depart because Quijada's circumstances were within the heartland of cases.

The United States moves pursuant to rule 35 of the Federal Rules of Criminal Procedure to correct the sentence orally pronounced on July 19, 2004. Quijada objects to this motion and to any setting on or before Wednesday, July 28, 2004.

## **THE *UNITED STATES V. COOPER* DECISION**

On July 19, 2004, the same day that the Court sentenced Quijada, the Tenth Circuit issued its decision in United States v. Cooper, __ F.3d __, 2004 WL 1598798 (10th Cir. 2004). The case involved the defendant's challenge to the life sentence that the district court imposed under the federal

"three-strikes" law based on his commission of at least two prior violent felonies. The Tenth Circuit reaffirmed the holding that, "[w]henever a prior conviction is relevant to sentencing, the government must establish the fact of that conviction by a preponderance of the evidence." Id. at *10 (citing United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996)). The Tenth Circuit, in United States v. Cooper, stated that the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), did not apply to Cooper because the facts that increased the penalty beyond the statutory maximum were "facts of prior conviction, for which Apprendi makes specific exception." United States v. Cooper, 2004 WL 1598798 n.3 (citing Blakely v. Washington, 2004 WL 1402697 *4; United States v. Wilson, 244 F.3d 1208, 1216 (10th Cir. 2001)("The new rule of Apprendi specifically carves out the recidivism issue, requiring that facts 'other than the fact of a prior conviction' be proven to a jury.")).

## **STANDARDS UNDER RULE 35**

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

Fed. R. Crim. P. 35, Advisory Committee Notes. Because the time period provided for in rule 35 is less than 11 days, weekends are excluded from the computation. See Fed. R. Crim. P. 45(a)(2)("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than

11 days."). Thus, a hearing on the United States' motion will be timely if held on or before Wednesday, July 28, 2004.

## **ANALYSIS**

Because the Court believes that the issue presented by the United States' motion is a question of law and not a request for the Court to simply change its mind about the earlier sentence, the Court finds that it is appropriate to consider the motion and determine whether clear error occurred. The Court held a hearing on the United States' motion on Wednesday, July 28, 2004. Pursuant to rules 35 and 45, that hearing is timely under the Federal Rules of Criminal Procedure. Because the Tenth Circuit indicated, subsequent to the time the Court sentenced Quijada, that Blakely does not apply to facts related to prior convictions, the Court believes that it was error to decline to apply the 16 level adjustment for Quijada's prior conviction of a "crime of violence."

### **I.    THE UNITED STATES' MOTION UNDER RULE 35 IS APPROPRIATE.**

Quijada argues that the United States is not entitled to relief under rule 35 because the motion to correct Quijada's sentence is a reiteration of the United States' argument at the sentencing hearing. Quijada contends that the Court resolved the issue of the appropriateness of the 16 level enhancement at the sentencing hearing and that the United States should not be allowed to use rule 35 to reopen that issue for the Court's reconsideration. Quijada draws the Court's attention to the Advisory Committee Notes for rule 35 which caution that:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

While the Court agrees with Quijada's argument regarding the narrow scope of rule 35, the Court does not believe that the United States' motion requests that it "reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." The Unites States' argument is that the Court's earlier pronouncement of Quijada's sentence constitutes clear error in light of a subsequently released Tenth Circuit opinion. Furthermore, the Court does not believe that the motion attempts to "reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." The Court did not exercise its discretion during the sentencing hearing, but rather reached the conclusion that it believed was required under the Supreme Court's recent decision in Blakely v. Washington. Accordingly, the Court believes that the United States' motion under rule 35 is appropriate and will consider its merits to determine whether the earlier sentence constitutes clear error.

## II.   QUIJADA'S EARLIER SENTENCE CONSTITUTES CLEAR ERROR UNDER THE TENTH CIRCUIT'S DECISION IN *UNITED STATES V. COOPER*.

On the same day that the Court sentenced Quijada, the Tenth Circuit issued a decision on the issue whether a district court erred in sentencing a defendant to life imprisonment under the federal "three-strikes" law based on a finding that the defendant had committed three serious violent felonies. See United States v. Cooper, 2004 WL 1598798 at *10-11. After finding that the government had introduced certified copies of the defendant's five prior felony convictions, and that the defendant had not introduced evidence to contest those convictions, the Tenth Circuit affirmed the district court's imposition of a life sentence.

At the time of Quijada's sentencing hearing on July 19, 2004, the Court did not have the

benefit of the Tenth Circuit's decision in United States v. Cooper. And while the Court recognized that Apprendi v. New Jersey and Blakely v. Washington do not apply to prior convictions, the Court still faced the questions whether Quijada's Massachusetts felony should be characterized as a "crime of violence," as that term is described in § 2L1.2 of the United States Sentencing Guidelines; who -- judge or jury -- should make that characterization; and by what standard -- by a preponderance of the evidence or beyond a reasonable doubt. In Apprendi v. New Jersey, the Supreme Court stated that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Cf. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998)(holding that provision of statute providing for increased maximum sentence for illegal aliens reentering United States after deportation subsequent to aggravated felony is a penalty provision and does not define a separate crime that must be charged in the indictment). Thus, the Court inquired how it should decide whether Quijada's prior conviction was a crime of violence, specifically raising the question whether such a finding is merely a "fact of prior conviction," which need not be submitted to a jury, or "any [other] fact" that increases the penalty, which must be submitted to a jury and proved beyond a reasonable doubt.

Applying a narrow meaning of the phrase "fact of prior conviction," the Court believed that it should draw a distinction between a simple finding that a prior conviction existed and a finding that required a characterization of a prior conviction, such as whether the conviction was for a crime of violence. After reviewing the Tenth Circuit's recent decision, however, the Court does not believe that United States v. Cooper permits such a distinction. The Tenth Circuit spoke in sweeping terms: "Whenever a prior conviction is relevant to sentencing, the government must establish the fact of that

conviction by a preponderance of the evidence." United States v. Cooper, 2004 WL 1598798 * 10 (citing United States v. Simpson, 94 F.3d at 1381)(emphasis added). It was after the Tenth Circuit cited United States v. Simpson that the it inserted footnote three, which discussed Apprendi, Blakely, and United States v. Wilson. Thus, even in the face of the Blakely decision, the Tenth Circuit affirmed a district court's finding that a defendant's previous felony convictions should be characterized as "serious violent felonies."

The Tenth Circuit also said -- twice -- the certified court documents showed "serious violent" felony convictions," said once that they indicated "serious" felony convictions, and indicated that the certified copies in United States v. Oberle, 136 F.3d 1414 (10th Cir. 1998), showed "prior serious violent felony convictions." The Court of Appeals concluded:

> If the government introduces certified copies of conviction from at least two prior serious violent felonies committed by a defendant who has been convicted of a third serious violent felony, the government has met its burden of proving by a preponderance that the defendant committed the prior felonies for purposes of applying the three-strikes provision of 18 U.S.C. § 3559 during sentencing. . . . Here, as in Oberle, Mr. Cooper "tendered neither his own testimony nor any other evidence that the prior convictions were not his or that they did not satisfy section 3559(c)(3)'s definition of 'serious violent felony.'"

United States v. Cooper, 2004 WL 1598798 at *11. The Tenth Circuit did not express a concern that the district court engaged in impermissible factfinding when it characterized the defendant's prior convictions as "serious violent felonies."

Quijada argues that United States v. Cooper does not apply to this case because Cooper dealt with the federal "three-strikes" law and did not concern the sentencing guidelines or address a specific Blakely challenge to the district court's characterization of the prior convictions. The Court does not believe, however, that these distinctions are material. United States v. Cooper involved an

-9-

enhancement above the statutory maximum based on the district court's characterization of the defendant's prior convictions. This case involves the same issue. Based on the reasoning in the Supreme Court's Blakely decision, the distinction between a statute and the guidelines is not relevant.

Moreover, a finding of a "serious violent felony" conviction is not substantively different than a finding that a conviction involves a "crime of violence." The definition of "serious violent felony" contained in 18 U.S.C. § 3559(c)(2)(F) is similar to the definition of "crime of violence" contained in U.S.S.G. § 2L1.2. Both definitions include specific enumerated offenses and a catch-all provision for crimes that have as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 3559(c)(2)(F); U.S.S.G. § 2L1.2. Thus, the Court does not see a meaningful distinction between this sentencing involving an enhancement based upon the characterization of a prior conviction and the one in Cooper v. United States. The Tenth Circuit's analysis suggests that a judge, by a preponderance of the evidence, can and should decide facts related to a prior conviction, not just the fact of conviction.

In paragraph 23 of the PSR, the USPO described the facts surrounding Quijada's prior conviction.

> On June 16, 1998, the Everett, Massachusetts Police responded to 789 Broadway Street in Everett on a Domestic Assault and Battery call. Patricia Evans reported that the defendant elbowed her twelve year old daughter, Alissa Evans, hitting her in the upper part of her body. Patricia confronted the defendant telling him not to touch her daughter. The defendant grabbed Patricia Evans by the throat and pushed her into the wall.

PSR ¶ 23. Quijada did not object to the contents of this paragraph. See Transcript of Sentencing Hearing at 5:8-14 (July 19, 2004).[1] Based on these facts, the Court believes that Quijada's conviction

---

[1] The Court's citation to the transcript refers to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

for Assault and Battery involves "the use, attempted use, or threatened use of physical force against the person of another."

Accordingly, the Court finds that the United States has shown, by a preponderance of the evidence, that Quijada committed a prior crime of violence for which a 16 level enhancement is warranted. Under the circumstances of this case, the Tenth Circuit's holding in <u>United States v. Cooper</u> would permit a 16 level enhancement for his prior conviction of a felony crime of violence. Further, in light of the reasoning set forth in <u>United States v. Cooper</u>, the sentence that the Court imposed on Quijada on July 19, 2004 constituted "clear error."

**IT IS ORDERED** that the United States' Motion to Correct Sentence is granted. The Court held a hearing on Wednesday, July 28, 2004 on the United States' motion. The Court will correct the sentence imposed on July 19, 2004 and enhance the offense level by an additional 8 levels and sentence the Defendant to 46 months rather than 24 months. All other terms of the sentence will remain the same.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Nelson Spear
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*


Floyd Lopez
Albuquerque, New Mexico

*Attorney for the Defendant*